**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rommel SANTOS, Defendant—
Appellant.**

**No. 06–10470.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed June 6, 2008.

Ellen V. Endrizzi, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: REINHARDT, NOONAN, and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Santos also challenges the district court's calculation of intended loss for the purposes

MEMORANDUM *

Rommel Santos challenges the district court's application of a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c). We affirm.[1]

Section 3B1.1(c) permits the district court to increase a defendant's offense level by two levels if it finds that the defendant was an "organizer, leader, manager, or supervisor" in the offense. Factors to consider in determining whether the defendant qualifies for an "organizer" enhancement include the nature of his participation in the offense, the extent to which he participated in planning the offense, and whether he recruited accomplices. U.S.S.G. § 3B1.1 cmt. n. 4. A district court's determination that a defendant was an organizer or leader for the purposes of applying a § 3B1.1 enhancement is reviewed for clear error. *United States v. Montano*, 250 F.3d 709, 712 (9th Cir.2001).

The district court found that Santos was an "organizer" because he "was involved with recruiting other participants as check cashers" and because he provided the stolen mail to "Cowboy," who then used it to produce the counterfeit checks. This finding was not clearly erroneous. Santos admitted that he had given the stolen mail to Cowboy to create the counterfeit checks and that he had helped recruit at least one accomplice to cash a check. These undisputed facts support a finding that Santos played an organizing role in the offense.

Santos contends, nevertheless, that the district court's finding was erroneous because Santos's role in the scheme was no more substantial than that of his cohorts, Kevin Eisert and Cowboy. This argument is unpersuasive. The record shows that

of U.S.S.G. § 2B1.1(b)(1). We affirm as to that claim in a concurrently filed published opinion.

Santos's involvement in the conspiracy was more serious than Eisert's: although Eisert initially stole the mail, it was Santos who transferred it to Cowboy so that the counterfeit checks could be made and Santos who recruited others to participate in the criminal scheme. Moreover, whether Santos's role in the scheme was equal to Cowboy's is irrelevant, as the application notes to § 3B1.1 clearly provide that "[t]here can ... be more than one person who qualifies as a leader or organizer." U.S.S.G. § 3B1.1 cmt. n. 4. The district court did not clearly err in finding that Santos's role in providing the templates for counterfeiting and in helping to recruit accomplices qualified him as an "organizer" for the purposes of a § 3B1.1 enhancement.

The district court's application of a two-level role enhancement is

AFFIRMED.